UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x     Index No.: 17-CV-3876 (CBA)(SJB)
THOMAS PHILLIPS,
                                                                 **AMENDED COMPLAINT**

                                Plaintiff,

                                                  **DEMAND FOR JURY TRIAL**

    -against-

THE CITY OF NEW YORK, Det. Ricardo Joseph
Sgt. Pegeen Roberto, Det. Dean Adams, Det Katrina
Forrester, and P.O. Alfred Davidson,

                                 Defendants.
----------------------------------------------------------------x

**THOMAS PHILLIPS**, by his attorney, Chidi Eze, Esq., complaining of the City of New York and the individually identified police officers, all of who were of the NYPD's 71st Precinct, upon information and belief, alleges as follows:

**JURISDICTION**

1. This is an action at law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, by Defendants, of the rights, privileges and immunities secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983 [and §1985], and arising under the laws and statutes of the State of New York and the City of New York.

2. Jurisdiction is specifically conferred on the United States District Court by 28 U.S.C. § 1331, this being an action arising under the Constitution and Federal law, and by 28 U.S.C. § 1343(a)(3), this being an action authorized by law to redress the deprivation, under color of statute, ordinance, regulation, custom or usage, of rights, privileges and immunities secured to

Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution, and by 42 U.S.C. §1983.

3.      Venue is proper because the acts complained of herein occurred in Brooklyn, City and State of New York, which is within the Eastern District of New York.

## PARTIES

4.      During all times relevant and material to this Complaint, Plaintiff was, and still is, a United States citizen, residing in the State of New York.

5.      During all times relevant and material to this case, Defendant City of New York was a municipal corporation incorporated under the laws of the State of New York.

6.      During all times relevant and material to this case, the defendant Police Officers were employees of Defendant City of New York through its Police Department, employed at the NYPD 71st Precinct.

7.      During all times relevant and material to this case, the actions of the individual Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of Defendant City of New York and New York Police Department (hereinafter NYPD), and Defendant City of New York is as such responsible for the individual Defendants' actions.  Defendant City of New York is further responsible for the actions of the individual Defendants under the principal agent/*respondeat superior* rule.

## FACTS COMMON TO ALL CAUSES OF ACTION

8. On the evening of Friday May 27, 2016, at approximately 6:30 p.m., plaintiff was inside 258 Fenimore Street in Brooklyn, NY 11225 (a private house) visiting with his girlfriend, Yvette Rosseau, who owned and resided at that house, when the defendant Police Officers, wearing riot gears, with shield and guns drawn, broke into the house, without knocking. Plaintiff was inside the house with three other individual, being Ms. Rosseau, her brother (also a resident of the house), and another, who is unknown to plaintiff. Plaintiff had just arrived at the house at the time.

9. Upon forcibly gaining entrance, with guns drawn, and without a single question asked, the officers immediately proceeded to search and handcuff plaintiff (and the others in the house), while holding him down at gunpoint. Plaintiff protested his innocence, but to no avail. Plaintiff explained that he just arrived at the house from Albany to visit his girlfriend, and that he would know nothing about any alleged crime in the apartment, if any, but the Officers paid him no mind. Plaintiff told the Officers that he does not and has never lived at that address, but his pleas fell on deaf ears. Plaintiff was searched and handcuffed inside the house, then dragged, along with the other three individuals, to a waiting Police van outside the house. They were transported to 71st Precinct located on Empire Boulevard in Brooklyn.

10. At approximately 11pm that night, May 27, 2016, plaintiff was taking to Central Bookings in downtown Brooklyn. The following day, May 28, 2016, at approximately 7pm, plaintiff was presented before a Judge, and was released his own recognizance. Plaintiff was charged under PL 220.03 – Criminal Possession of Controlled Substance in the 7th Degree

(A Misdemeanor); and PL 221.05 – Unlawful Possession of Marijuana (Violation). Charges he knew nothing about, and of which he denied.

11. Plaintiff appeared in court several times to defend himself against these false charges brought against him, and on February 2, 2017, he accepted ACD for the charges.

12. Accordingly, plaintiff was arrested and imprisoned for approximately 24 hours, even though the defendant Police Officers knew, or should have known, based on the facts, that plaintiff committed no crime and could not have been culpable for any contraband found in the subject premises, if any was found.

13. As a direct and proximate result of defendants' actions, plaintiff was deprived of his due process rights, remedies, privileges, and immunities under the Fourth, Fifth, Eight, and Fourteenth Amendments to the United States Constitution and the laws of the City and State of New York.

14. As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer serious emotional injuries, including but not limited to emotional distress, nightmares, panic attacks, mental anguish, unwarranted severe anger bouts, permanent scarring and severe physical pains in various parts of their bodies.

15. The illegal and unlawful arrest and imprisonment of plaintiff, particularly in light of the fact that the defendants had full knowledge of, or should have had full knowledge of the fact that plaintiff did not commit any crime, was intentional, malicious, reckless and in bad faith.

16. In light of the foregoing, plaintiff has been damaged by the actions of the City of New York and its agents, was humiliated, and assaulted, was arrested and imprisoned for about

24 hours without probable cause, lost respect and dignity before friends and family, suffered and continues to suffer severe mental anguish, reputation injuries, psychological and emotional distress, some or all of which may be permanent.

17. The Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD officers. The conduct of the defendant officers complained of herein were beyond the scope of their jurisdiction, without legal authority, and in abuse of their authority. Accordingly, plaintiff has been damaged by the actions of the City of New York and its agents and therefore, seeks compensation as a result.

18. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, and knowingly concealed violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including the defendants in this case, to engage in these unlawful conducts.

### AND AS FOR A FIRST CAUSE OF ACTION

19. Plaintiff repeats and re-alleges paragraphs 1 through 18 as if each paragraph is repeated verbatim herein.

20. The defendant police officers arrested and imprisoned Plaintiff without probable cause, without a warrant and with malice and intentional disregard for plaintiff's constitutional rights. The Defendants, acting under color of State Law, violated Plaintiff's right to be free from unreasonable seizures, secured to plaintiff under the Fourth and Fourteenth

Amendments to the Constitution, and plaintiff's right not to be deprived of liberty without due process of law, secured under the Fifth and Fourteenth Amendments.  By denying Plaintiff's Constitutional rights under color of State Law, the Defendants violated 42 U.S.C. §1983. In addition, the defendant officers conspire to deny plaintiff his Constitutional rights secured to him by 42 U.S.C. §1983 [1985], and took several overt steps in furtherance of the conspiracy as set forth above.

21. As a result of the seizure of plaintiff's person, he was denied his freedom and liberty and suffered emotional and mental distress thereof. Plaintiff claims compensatory damages in the amount of $500,000.  In addition, because the defendant police officers acted with malice and intentional disregard for plaintiff's Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

## AND AS FOR A SECOND CAUSE OF ACTION

22. Plaintiff repeats and re-alleges paragraphs 1 through 21 as if each paragraph is repeated verbatim herein.

23. In violation of Article 1 Section 12 of the New York State Constitution, and New York State Common Law, the defendant police officers falsely arrested and imprisoned Plaintiff for over 24 hours without probable cause, deprived him of his rights, remedies, privileges, and immunities guaranteed by said law. In addition, the defendant officers conspire to deny plaintiff's Constitutional rights secured under Article 1 Section 12 of the New York State Constitution, and took several overt steps in furtherance of the conspiracy as set forth above.

24. Plaintiff was denied freedom and liberty, and therefore suffered emotional and mental distress as a result. Plaintiff seeks compensatory damages in the amount of $500,000 for the violation of his rights under State and Common Laws and for emotional and mental distress. In addition, because the defendant police officers acted with malice and intentional disregard for their Constitutional rights when they arrested and imprisoned him, Plaintiff seeks $400,000 in punitive damages.

### AND AS FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats and re-alleges paragraphs 1 through 24 as if each paragraph is repeated verbatim herein.

26. The defendant police officers were acting as agents of the City of New York when they carried out the actions complained of herein. The defendant Police Officers' violations of Plaintiff's Constitutional and Federal Law rights as complained of herein were carried out under the unlawful and injurious policies, customs, and practices of the City of New York and its Police Department. Therefore, the City of New York is jointly and severally liable with the defendant police officers for the compensatory damages Plaintiff sustained herein.

27. Plaintiff claims compensatory damages in the amount of $500,000 for the violation of these rights, resulting in emotional and mental distress. In addition, because the Defendants acted with malice and intentional disregard for his Constitutional rights, Plaintiff seeks $400,000 in punitive damages against the individual officers jointly and severally.

**WHEREFORE,** Plaintiff prays the Court for judgment as follows for each Cause of Action:

    i.    $500,000 in compensatory damages against all the defendants, jointly and severally;

    ii.    $400,000 in punitive damages against the individual defendant police officers, jointly and severally;

    iii.    attorney's fees, plus the costs and disbursements of these actions against all Defendants, jointly and severally;

    iv.    such other and further relief as the Court may deem just, proper and equitable.


Dated: Brooklyn, New York
        November 6, 2017

                                        By:_____
                                              CHIDI EZE
                                              Attorney for Plaintiff
                                              255 Livingston Street, 3rd Floor
                                              Brooklyn, NY 11217
                                              (718) 643-8800